ANTHONY A. GATES *vs.* WILLIAM S. OLIVER

Somerset.    Opinion November 17, 1927.

*A written instrument under seal recorded, though not acknowledged, conveying title to timber on specified land with the right to cut and remove the same within a certain period, gives a license to cut and remove said timber within said period, which, as between the parties, is not revocable while the contract remains in force.*
*The word "reserving" as used in a deed construed as "excepting."*

In this case the timber having been excepted in the plaintiff's deed, he acquired no title to it except to so much as may remain at the end of twenty years.

On report on agreed statement. An action of trespass quare clausum to recover the value of certain trees cut and removed by defendant from land alleged by plaintiff to be owned by him. The cause was reported on an agreed statement to the Law Court for such decision as the law and facts required. Judgment for the defendant.

The case fully appears in the opinion.

*James H. Thorne*, for plaintiff.

*Butler & Butler*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

DEASY, J. Case reported on Agreed Statement. The plaintiff and defendant claim title to or rights in the same real estate, under deeds from the same grantor, both recorded in the Somerset County Registry of Deeds.

The defendant's deed is dated 1911 and recorded in 1912. The parts of it material in this case are: "The said E. H. G. hereby sells ............all the spruce, fir and hemlock timber" (on the premises described)............"the said (defendant) shall and may

have twenty years in which time to remove the above described timber." This instrument is sealed, but bears no certificate of acknowledgment.

The plaintiff's deed dated 1915 and recorded the same year is one of warranty in the usual form, granting and conveying to him the same land but subject to the following exception: "Reserving however all the lumber now standing on said premises, that has been previously sold, to be removed in twenty years from the date of sale."

In 1926, the defendant entered upon the premises and cut certain timber of the kinds specified in his deed. Thereupon this action of trespass quare clausum was brought.

Counsel for the plaintiff does not contend that the defendant's deed is a mere license to convert a licensor's real property (standing trees) into a licensee's chattels (felled trees). If such claim were made the opinion of this court in *Brown* vs. *Bishop,* 105 Me. 272 would afford a complete answer.

The defendant's deed, more clearly than that construed in the case above cited grants "an interest in the growing timber" and a license to cut and remove it which "could not as between the parties, be revoked, while the contract remained in force." *Brown* vs. *Bishop* supra.

But the plaintiff says that the instant suit is not "between the parties." He claims the superior rights of an innocent purchaser for value.

The clause of the plaintiff's deed above quoted employs the word "reserving" inaccurately. The timber is excepted. Exceptions are existing things excluded from a conveyance. Reservations are new rights created by it.

But notwithstanding this inaccuracy the obvious intent of the parties will be given effect. *Engel* vs. *Ayer,* 85 Me. 454.

The timber of the kinds specified was excepted in the plaintiff's conveyance, and did not pass to him.

He contends that he is an innocent purchaser for value, but he falls down at the very threshold of his contention. Of the timber he is not a purchaser at all, except as to such of it as may remain at the end of the twenty year period.

The defendant owned the trees that he cut. He had a right to enter upon the land to cut and remove them, doing no unnecessary

damage to the land or other growth. We have not considered the so-called validating act of 1927 (Chap. 212). It has no bearing in this case.

*Judgment for defendant.*